| | |
|---|---|
| RODERICK WASHINGTON,<br>CDCR #E-87177,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>USDC SOUTHERN CALIFORNIA;<br>JUDITH N. KEEP, Judge; WHELAN,<br>Judge; STIVENS, Judge; MOSKOWITZ,<br>Judge; JONES, Judge; ATTORNEY<br>GENERAL OFFICE; SARA TURNER;<br>TIMOTHY FOOTE; ANTHONY<br>PASILVA; ADLER, Judge;<br>and DOE 1,<br><br>　　　　　　　　　Defendants. | Civil No.　07-0343 LAB (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER AND/OR VACATE JUDGMENT PURSUANT TO FED.R.CIV.P. 59(e)**<br><br>[Doc. No. 5] |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Currently before the Court is Plaintiff's "Motion to Vacate and/or Alter Judgment" pursuant to FED.R.CIV.P. 59 [Doc. No. 5]. Plaintiff essentially asks the Court to reconsider its April 17, 2007 Order denying him leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(g) and dismissing his case for failing to prepay the $350 civil filing fee required by 28 U.S.C. § 1914(a) [Doc. No. 3]. Plaintiff claims the Court "very wrongfully applied [the] PLRA (Prison Litigation Reform Act) to him and made it very difficult to bring a section 1983 action." (Pl.'s Mot. at 1.)

/ / /

# I.

## Procedural History

On February 2, 2007, and while incarcerated at California State Prison in Corcoran, California, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 42 U.S.C. §§ 12120, 12130, and 14141. Plaintiff claimed the "USDC Southern District of California" and six individually named District and Magistrate Judges of the Southern District, as well as the "Attorney General Office," three of its Deputies, and an unidentified Doe defendant, conspired with California State Prison officials to transfer him for filing "meritorious civil actions" and retaliated against him by denying and obstructing his prosecution of "nonfrivolous claims" pursuant to the PLRA. (Compl. ¶¶ 4-36.) Plaintiff specifically objected to this Court's past application of 28 U.S.C. § 1915(g), the PLRA's "3-strikes" provision, to preclude his commencement and prosecution of new federal civil complaints IFP pursuant to 28 U.S.C. § 1915(a). (*Id.* ¶¶ 4, 6, 10-11, 20, 23-25, 28-35.) Plaintiff sought declaratory and injunctive relief, compensatory, special and punitive damages, as well as attorney's fees and costs. (*Id.* at 18-19.)

Finding at least six prisoner civil actions filed by Plaintiff had been previously dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim," the Court denied him leave to proceed IFP pursuant to 28 U.S.C. § 1915(g), and dismissed the action for failure to prepay the entire $350 civil filing fee as required by 28 U.S.C. § 1914(a). *See* April 17, 2006 Order [Doc. No. 3] at 6.

# II.

## 28 U.S.C. § 1915(g)'s "Three Strikes" Provision

"In general, filing an action IFP is a privilege, not a right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999). This privilege is codified in section 1915 of Title 28 of the United States Code, which allows certain impoverished litigants to pursue civil litigation without the full prepayment of fees or costs. *Id.* at 1177; 28 U.S.C. § 1915(a)(2). However, regardless of indigence, section 1915 bars a prisoner from proceeding IFP:

/ / /

> ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The objective of § 1915(g), also known as the "three strikes" provision, is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). The Ninth Circuit has found that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection. *See Rodriguez*, 169 F.3d at 1179-81. Nor does it violate separation of powers principles or operate as an ex post facto law. *Id.* at 1181-82.

"In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g), and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). The district court must "consider[] the underlying court orders or mak[e] an independent assessment of whether the prior cases were frivolous or malicious or failed to state a claim" before denying the prisoner leave to proceed IFP pursuant to 28 U.S.C. § 1915(g), and should cite the specific case names, numbers, districts and dates of dismissal for each civil action it considers a "strike" or "prior occasion." *Id.* at 1121 (citing *Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998)). Thus, once a court "place[s] [the prisoner] on notice of ... disqualification [for IFP status] under § 1915(g)," by denying his IFP motion on "3 strikes" grounds, or the defendants "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious, or fail[ed] to state a claim,'" the "burden then shifts to the prisoner, who must attempt to rebut ... by explaining why a prior dismissal should not count as a strike." *Id.* at 1120.

In its April 17, 2007 Order, this Court noted Plaintiff's "long litigation history of vexatiousness," in this district and in others, and took judicial notice of six of Plaintiff's previous cases it independently determined to be "strikes." *See* April 17, 2007 Order [Doc. No. 3] at 3-5.

1  Moreover, the Court noted Plaintiff's eighteen subsequent, yet unsuccessful, attempts to regain
2  IFP status, *id*. at 5 n.2, as well as his failure, in this case, to allege facts sufficient to show he was
3  "in imminent danger of serious physical injury." *Id*. at 4, 5.  For these reasons, the Court denied
4  Plaintiff's IFP Motion and dismissed the case.  *Id.* at 6.

### III.

### Plaintiff's Motion

Because Plaintiff's current Motion seeks reconsideration of the Court's April 17, 2007 Order within ten days of the entry of judgment, Federal Rule of Civil Procedure 59(e) applies. *See American Ironworks & Erectors, Inc. v. North Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001); *Andrews*, 398 F.3d at 1118 ("The denial of a motion to proceed IFP is [...] a final judgment under 28 U.S.C. § 1291.") (citations omitted).

#### A.     Standard of Review

Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of judgment." FED.R.CIV.P. 59(e). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) (emphasis in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  This type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)).

Under Rule 59(e), reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sissoko v. Rocha*, 440 F.3d 1145, 1154 (9th Cir. 2006) (citing *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (internal quotation marks omitted)).  "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).  However, "motions to reconsider are not vehicles

permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under FED.R.CIV.P. 59(e)).

### B.  Plaintiff's Arguments

In his FED.R.CIV.P. 59(e) Motion, Plaintiff claims "he was never declared a vexatious litigant" by the Southern, Northern, Eastern or Central Districts of California," therefore, this Court "falsely relied" on dismissals from those courts. (Pl.'s Mot. at 2.)  While not entirely clear, the Court liberally construes Plaintiff's Motion to seek reconsideration on the following grounds: 1) the civil actions previously filed by him were not strikes as defined by 28 U.S.C. § 1915(g), *i.e.*, they were not dismissed as "frivolous, malicious or for failing to state a claim"; 2) the previous civil actions cited by the Court do not constitute strikes because he was not informed, at the time those orders were entered, that the dismissals might be counted as "strikes" against him in the future; or 3) his previous cases cannot be considered strikes under § 1915(g) because they were dismissed prior to enactment of § 1915(g).  (*Id.*)

### C.  Discussion

Because none of Plaintiff's arguments are factually or legally sufficient to set aside this Court's April 17, 2007 Order and Judgment, Plaintiff's FED.R.CIV.P. 59(e) Motion must be denied for the reasons set forth below.

First, Plaintiff has provided no "newly discovered evidence" which would undermine or in any way call into question the reliability or legal validity of the Court's April 17, 2007 judgment, nor has he shown that the Court committed any "clear error" when it took judicial notice of the six "strikes" against him.[1] *Sissoko*, 440 F.3d at 1154; *School Dist. No. 1J*, 5 F.3d

---

[1] *See* April 17, 2007 Order [Doc. No. 3] at 4-5 (citing *Washington v. Garcia*, Civil Case No. 95-2221 K (S. D. Cal. Jan. 11, 1995) (Order granting request to proceed IFP and dismissing complaint pursuant to 28 U.S.C. § 1915(d)) ("strike one"); *Washington v. Cambra*, Civil Case No. 95-3356 THE, 1995 WL 590346 (N. D. Cal. Oct. 2, 1995) (Order denying request to proceed IFP and dismissing complaint pursuant to 28 U.S.C. § 1915(d)) ("strike two"); *Washington v. Cambra*, Civil Case No. 95-3641 THE, 1995 WL 691882 (N. D. Cal. Nov. 7, 1995) (Order denying request to proceed IFP and dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(d)) ("strike three"); *Washington v. Cambra*, Civil Case No. 95-3763 THE (N. D. Cal. Nov. 20, 1995) (Order denying request to proceed IFP and dismissing complaint pursuant to 28 U.S.C. § 1915(d)) ("strike four"); *Washington v. Garcia*, Civil Case No. 95-2217 J (LSP) (S. D. Cal. Feb. 24, 1998) (Order granting motion for judgment on the

at 1263. This Court "consider[ed] the underlying court orders," and "ma[de] an independent assessment of whether [these] prior cases were frivolous, malicious or failed to state a claim." *Andrews*, 398 F.3d at 1121. Plaintiff has simply failed to "explain[] why [these] prior dismissal should not count as [] strike[s]." *Id.* at 1120. Second, to the extent Plaintiff seeks reconsideration on grounds that he "was never declared a vexatious litigant" by the Southern, Central, Northern or Eastern Districts of California at the time those courts dismissed the six civil actions this Court has since found to be strikes (*see* Pl.'s Mot. at 2), "the district court is not required [at the time it dismisses a prisoner's case] to determine whether [it]... will count as a future strike under § 1915(g)." *Andrews*, 398 F.3d at 1119 n.8. Third, while Plaintiff argues his pre-PLRA dismissals should not be counted as strikes, the Ninth Circuit has explicitly held that "[s]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). Plaintiff points to no "intervening change in controlling law" since *Andrews* or *Tierney*, and this Court has independently confirmed there is none. *School Dist. No. 1J*, 5 F.3d at 1263.

Finally, while Plaintiff correctly note that § 1915(g) "do[es] not apply if the prisoner is in imminent danger of serious physical injury" (Pl.'s Mot. at 2), neither Plaintiff's Complaint, his Motion to Proceed IFP or his current FED.R.CIV.P. 59(e) Motion alleges any facts which show he is or was facing such danger, either now or at the time he initiated this action. *See Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001) (prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm) (citing *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) (en banc) (allegations of past danger are insufficient to trigger the imminent danger exception).

In sum, a motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright &

---

pleadings pursuant to FED.R.CIV.P. 12(c) & (h) for failing to state a claim) ("strike five"); and *Washington v. Gomez*, Civil Case No. 97-6115 OWW (HGB) (E. D. Cal. Nov. 4, 1999) (Order adopting Report & Recommendation that complaint be dismissed for failing to state a claim) ("strike six")).

Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Thus, without more, the Court finds Plaintiff has failed to show that the Court rendered a "manifestly unjust decision," and has further failed to identify any intervening changes in controlling law which justify reconsideration of the Court's Order. *McDowell*, 197 F.3d at 1255; *School Dist. No. 1J*, 5 F.3d at 1263.

## IV.
## Conclusion and Order

Accordingly, Plaintiff's Motion to Alter and/or Vacate the Court's April 17, 2007 Judgment pursuant to FED.R.CIV.P. 59(e) [Doc. No. 5] is hereby DENIED.

**IT IS SO ORDERED.**

DATED: June 20, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge